**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 94-20951

UNITED STATES OF AMERICA

Plaintiff-Appellee

VERSUS

KENNETH LEE ADERHOLT

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
June 28, 1996

Before SMITH, DUHÉ, and DeMOSS, Circuit Judges.

DUHÉ, Circuit Judge:

Appellant, Kenneth Lee Aderholt, was charged with one count of conspiracy to commit mail fraud and three counts of aiding and abetting mail fraud in violation of 18 U.S.C. §§ 2, 371 and 1341. He pled guilty to the conspiracy count and one of the aiding and abetting counts. He was sentenced to two consecutive terms of 60 months imprisonment. Aderholt appeals his sentence claiming the Government acted in bad faith in failing to move for a downward departure for substantial assistance and because his sentence was calculated using the base offense level for murder. We affirm on the substantial assistance issue but reverse, vacate and remand on the use of the offense level for murder.

Aderholt and Christopher Mylett,[1] created a partnership, Empire Premium Finance Company (Empire). They named Scott Houck, a bouncer at various Houston topless bars, president. Appellant and Mylett then insured Houck's life for $500,000 with an Allstate "key man" life insurance policy which they obtained with the use of falsified documents.

Within three weeks, Houck's body was found in the trunk of his car at Hobby Airport in Houston, Texas. At Mylett's urging, Appellant filed a claim on the insurance policy even though he believed that Mylett either murdered or orchestrated the murder of Houck. Aderholt claims he was not involved in the murder and never believed that Houck's murder was part of the scheme. Aderholt persisted in his not guilty plea until the eve of trial.

Aderholt pled guilty to two of the four counts in the indictment and agreed to cooperate fully with the Government. In consideration for Aderholt's plea, the Government agreed to dismiss the two remaining counts, not oppose a finding of acceptance of responsibility, and not prosecute Aderholt further for offenses arising from the conduct charged in the indictment. The plea agreement further states:

> The United States reserves its option to seek any departure from the applicable sentencing guidelines, pursuant to United States Sentencing Guidelines § 5K1.1, or Rule 35(b) of the Federal Rules Criminal Procedure, if in the sole discretion of the United States, it is determined that such a departure is appropriate.

---

[1]Christopher Mylett was tried and convicted on all four counts of the indictment. His appeal is pending.

During the taking of the plea, the prosecutor stated:[2]

> [T]here is language in the plea agreement to the extent that should Mr. Aderholt's cooperation result in substantial assistance under 5K1.1 of the sentencing guidelines, that in the sole discretion of the United States, the United States may move for a downward departure based on that cooperation. Again, that is within the sole discretion of the United States and the United States will not waive that discretion.

Defendant stated that he agreed to and understood the terms outlined by the government.

The Government did not move for downward departure. Aderholt argues that the Government negotiated the plea agreement in bad faith because it never intended to file a § 5K1.1[3] motion, and the Government breached the plea agreement by refusing to file the motion. Whether the government's conduct violates a plea agreement is a question of law. United States v. Hernandez, 17 F.3d 78, 80-81. (5th Cir. 1994). In determining whether the terms of a plea agreement have been violated, the court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement. Id. at 81.

Under the guideline,[4] the Government is not required to file

---

[2]The prosecutor prefaced his address by stating that his words were not intended to amend or modify the terms of the written agreement.

[3]The 1993 edition of the United States Sentencing Commission Guidelines Manual was used this case.

[4]Section 5K1.1 states in part:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation of prosecution of another person who has committed an offense, the court may depart from the guidelines.

a § 5K1.1 motion but instead is granted discretion to do so.  Wade, 504 U.S. at 185; United States v. Garcia-Bonilla, 11 F.3d 45, 46 (5th Cir. 1993).  While the Government can bargain away its discretion, it did not do so in this case.  *See* Garcia-Bonilla, 11 F.3d at 46-47 (plea agreement with nearly identical language did not bargain away prosecutorial discretion).  If the Government retains sole discretion to file the motion, its refusal to file is reviewable only for unconstitutional motives such as the race or religion of the accused.  Garcia-Bonilla, 11 F.3d at 46-47. Appellant does not assert that the Government's refusal was motivated by unconstitutional considerations.

Appellant argues that he offered all assistance that he possibly could and that under the rules of United States v. Hernandez, 17 F.3d 78 (5th Cir. 1994) and United States v. Wilder, 15 F.3d 1292 (5th Cir. 1994), he is entitled to a downward departure for substantial assistance.  Implicitly, Aderholt asks this Court to determine whether his actions amounted to substantial assistance as in Hernandez and Wilder.  We cannot do so in this case.

In both Hernandez and Wilder, the Government bargained away a measure of its discretion when it agreed to move for a downward departure if the accused rendered substantial assistance. Therefore, those panels of this Court were required to evaluate the Government's conduct in light of the agreement.  Here, the Government did not bargain away any of its discretion and its refusal to file a motion for downward departure is subject to the

more limited review for unconstitutional motivation.

Appellant also argues that the Government's retention of sole discretion violates Appellant's right to due process in two ways. First, the retention of sole discretion puts the prosecutor's actions beyond review by the court. Second, the possibility of a § 5K1.1 motion was an inducement for the plea which requires that Appellant give up constitutional rights and implicates due process.

Defendants have no constitutional right to a "substantial assistance" departure. United States v. Harrison, 918 F.2d 30 (5th Cir. 1990). The refusal to move for downward departure is reviewable only for unconstitutional motivation when sole discretion is retained. And, as recognized by this Court in United States v. Watson, 988 F.2d 544, 552 (5th Cir. 1993), the implication of the principle of just return for giving up constitutional rights requires the existence of a plea bargain in which the Government bargains away its discretion. There can be no inducement when the Government retains sole discretion. Appellant's due process challenge is without merit.

Appellant also challenges the calculation of his sentence. A sentence based on the Sentencing Guidelines must be upheld unless the Appellant demonstrates that it was imposed in violation of the law, was imposed as a result of an incorrect application of the guidelines, or was outside the range of the applicable guidelines and was unreasonable. 18 U.S.C. § 3742(e). Because Aderholt asserts a ground of error not raised below, the judgment may be reversed only upon a finding of plain error. Fed. R. Crim. P.

5

52(b); United States v. Olano, 507 U.S. 725 (1993); United States v. Calverley, 37 F.3d 160 (5th Cir. 1994)(en banc).

To determine Defendant's base offense level, the district court[5] grouped the four counts in the indictment, and pursuant to §§ 3D1.2 and 3D1.3, purported to choose the offense level for the most serious offense. The district court chose the offense level for murder because, relying on § 3D1.2 application note 8, § 1B1.2(d) and § 1B1.2 application note 5, it concluded that murder was an object of the conspiracy.

Section 3D1.2 application note 8 advises:

A defendant may be convicted of conspiring to commit several substantive offenses . . . In such cases, treat the conspiracy count as if it were several counts, each charging conspiracy to commit one of the substantive offenses. See § 1B1.2(d) and accompanying commentary.

Section 1B1.2(d) states:

A conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit.

Application note 5 to § 1B1.2 elaborates:

Particular care must be taken in applying subsection (d) because there are cases in which the verdict or plea does not establish which offense(s) was the object of the conspiracy. In such cases, subsection (d) should only be applied with respect to an object offense alleged in the conspiracy count if the court, were it sitting as a trier of fact, would convict the Defendant of conspiracy to commit the object offense.

Defendant was ultimately sentenced to the statutory maximum

---

[5]The district court adopted the calculations contained in the Presentence Investigation Report.

sentences for conspiracy to commit and aiding and abetting mail fraud because his total offense level exceeded the statutory maximum sentences for the offenses of conviction. U.S.S.G. § 5G1.1; 18 U.S.C. §§ 371 and 1341. Had the base offense level for mail fraud been used, Defendant's potential sentence under the guidelines would have been less than the statutory maximums.

Defendant argues that conspiracy to commit murder could not be used to calculate the base offense level because he was not charged with and did not plead guilty to conspiracy to commit murder. We agree. Both § 3D1.2 application note 8 and § 1B1.2(d) apply when a defendant is convicted of conspiring to commit more than one offense. Aderholt was convicted of conspiring to commit only one offense, mail fraud. The conspiracy count charges that Defendant "did knowingly combine, conspire, confederate and agree . . . to commit an offense against the United States, specifically, to use the mail in execution of a scheme to defraud, in violation of Title 18, United States Code, Section 1341." While the murder is mentioned in section C of that count entitled "The Manner and Means of the Conspiracy", Aderholt was not charged with murder. In fact, the Government concedes that Appellant could not have been convicted in federal court for conspiracy to commit this murder because this murder is a state offense.

Section 1B1.2 application note 5 also offers no support. It applies to "cases in which the verdict or plea does not establish which offense(s) was the object of the conspiracy." Here, the indictment clearly charges only conspiracy to commit mail fraud and

7

eliminates the need for the sentencing court to determine what other offenses may be objects of the conspiracy.

The Government argues that conspiracy to commit murder is an offense eligible for use in sentencing because "offense" includes relevant conduct. The Guidelines define "offense" as "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context." U.S.S.G. § 1B1.1 Application Note 1(l). Both § 3D1.2 application note 8 and § 1B1.2(d) refer to the offense of conviction, not merely offense as contemplated by the definition. In these contexts, "offense" does not include relevant conduct.

Finding that the district court erroneously applied the Sentencing Guidelines, we must decide whether the error is plain and affects substantial rights. <u>Calverley</u>, 37 F.3d at 162. Plain means clear or obvious. <u>Olano</u>, 509 U.S. at 734. Affects substantial rights, in most cases, means prejudicial, that is, affected the outcome of the district court proceedings. <u>Olano</u>, 509 U.S. at 734-735. Both requirements are satisfied. The error is evident from a plain reading of the statute and thus, is obvious. <u>See</u> <u>United States v. Smith</u>, 80 F.3d 1188 (7th Cir. 1996). Defendant was prejudiced by the error because, absent an upward departure, he would have received a lesser sentence.

Rule 52(b), however, is permissive, not mandatory. We have authority to order correction, but we are not required to do so. <u>Olano</u>, 509 U.S. at 735. We should correct a plain error when the

8

error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 509 U.S. at 736 (quoting United States v. Atkinson, 297 U.S. 157 (1936)). In light of the sentencing calculation errors, we think the fairness and integrity of this judicial proceeding were seriously affected. United States v. Franks, 46 F.3d 402 (5th Cir. 1995).

We AFFIRM in part, REVERSE in part, VACATE the sentence and REMAND for resentencing.