**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-30882
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

KENNETH R. ANDERSON, SR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
96-CR-10017-01

October 12, 2000

Before DAVIS, EMILIO M. GARZA, Circuit Judges, and POGUE, Judge[*].

PER CURIAM:[**]

A jury found Kenneth R. Anderson, Sr., guilty of conspiracy, arson, mail fraud, and witness tampering. In accordance with the Sentencing Guidelines and the recommendations of the presentencing report (PSR), the district court sentenced Anderson to 97 months imprisonment and three years of supervised release during which he would pay, in monthly installments, a $50,000 fine and over $38,000

---

[*] Judge of the U.S. Court of International Trade, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in restitution. Anderson appeals his sentence, and we AFFIRM.

Anderson challenges two aspects of his sentence. First, he argues that the district court erred when it adopted the PSR's recommendation of a base offense level of 24 for the arson offense. *See* U.S.S.G. § 2K1.4(a)(1) & (2). Second, Anderson argues that the district court erred in imposing a $50,000 fine despite the fact that his age, physical condition and financial situation demonstrate an inability to pay the fine. Since Anderson concedes that he failed to made either of these challenges in the district court, we review only for plain error. *See United States v. Aderholt*, 87 F.3d 740, 744 (5th Cir. 1996)(guideline application); *United States v. Landerman*, 167 F.3d 895, 899-900 (5th Cir. 1999)(fine). Even if we find that the district court erred, we can reverse only if the error was plain, meaning obvious, and if the error affected Anderson's substantial rights. *See Aderholt*, 87 F.3d at 744. If Anderson satisfies this demanding threshold, we have discretion to correct the district court's error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citing *United States v. Olano,* 507 U.S. 725, 736 , 113 S.Ct. 1770, 123 L.Ed. 2d 508 (1993)).

The Sentencing Guidelines provide that the base offense level for arson should be:

> (1) 24, if the offense, (A) created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly; or (B) involved the destruction of a dwelling; [or]

> (2) 20, if the offense, (A) created a substantial risk of

> death or serious bodily injury to any person other than a participant in the offense, (B) involved the destruction or attempted destruction of a structure other than a dwelling; or (C) endangered a dwelling, or a structure other than a dwelling.

U.S.S.G. § 2K1.4 (1996). While the PSR recommended a base offense level of 24, it did not provide any rationale for adopting subsection (1) over subsection (2), nor did it indicate that subsection (2) was a possibility. Similarly, as Anderson did not challenge the base offense level in the district court, the court adopted the recommendation of the PSR without an explanation.

Since Anderson's arson concerned his nightclub, "Bodacious Country," and not a "dwelling," this classification was only correct if Anderson committed his offense knowing that he was creating a substantial risk of death or serious bodily injury to someone other than a participant in the offense. Although the commentary to the Guidelines provides that creating a substantial risk of death or serious bodily injury includes creating that risk to fire fighters, *See id.*. Comment (n.2), other circuits have held that the risk to fire fighters under this provision must include something more than simply responding to a fire. *United States v. Johnson*, 152 F.3d 553, 556s (6th Cir. 1998); *United States v. Honeycutt*, 8 F.3d 785, 787-88 (11th Cir. 1993). We have not defined the term "knowingly" as it relates to arson, nor have we explained the necessary level of risk to fire fighters that must be present for the application of commentary note 2.

We need not address those issues in this case. If Anderson

had objected to the use of the base offense level under U.S.S.G. § 2K1.4(1), the district court could have conducted a hearing and made appropriate factual findings. Such findings may or may not have been favorable to him. The district court's failure to make specific findings on the risks fire fighters might have taken in fighting the fire and Anderson's knowledge of such risks was not due to its own error, but instead due to Anderson's failure to challenge the issue. In such circumstances, we almost never find plain error. *United States v. Ruiz*, 43 F.3d 985, 991 (5th Cir. 1995).

Anderson's ability to pay a fine and restitution in 35 monthly installments of $2,524, considering his physical limitations, financial situation and the PSR's failure to specifically recommend the imposition of a fine, presents a close question. *See, e.g. United States v. Hodges*, 110 F.2d 250, 251-252 (5th Cir. 1997). However, the district court adopted the findings in the PSR, concluded that Anderson would be able to pay a fine, and developed a payment plan designed around the limitations expressed in the PSR. Moreover, the district court articulated specific reasons for its findings, i.e. that Anderson has a college education and has experience as a businessman. The district court's conclusion finds some support in the record. As a consequence, Anderson has not demonstrated that the district court's conclusion was a plain or obvious error. *See Olano* 507 U.S. at 730-736; *United States v. Calverley* 37 F.3d 160, 162-164 (5th Cir. 1994)(en banc).

Accordingly, the district court's judgment is AFFIRMED.