**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-10264

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DALE LYLE JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth
4:99-CR-105-1-Y

_____

January 17, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Dale Lyle Johnson ("Johnson") appeals his drug conviction sentence, alleging that a

miscalculation of his drug quantity led to an erroneous sentence under the United States Sentencing

_____

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in Fifth Circuit
Rule 47.5.4.

Guidelines ("USSG"). We vacate his sentence, and remand for resentencing.

Law enforcement officials arrested Johnson at a residence in Fort Worth, where they found methamphetamine laboratories. The authorities seized 15 drug-related exhibits during the search. Johnson pleaded guilty to possession of a List 1 chemical (pseudoephedrine) with the intent to manufacture a Schedule II controlled substance (methamphetamine), in violation of 21 U.S.C. § 841(d)(1). A probation officer prepared a Presentence Report, which stated that Johnson was accountable for 6,663.898 grams of pseudoephedrine.[1]

Under the USSG, the possession of 6,663.898 grams of pseudoephedrine produces a base offense level of 36. Adjusted for the possession of a firearm (two-level increase) and for the acceptance of responsibility (three-level decrease), the offense level stood at 35. This meant that Johnson's imprisonment range under the USSG was between 168 and 210 months. The district court accepted the Presentence Report's findings about the quantity of drugs, and sentenced Johnson to 168 months.

It turned out that the probation officer miscalculated the amount of pseudoephedrine traceable to Johnson.[2] In reality, he was responsible for only 167.3 grams, meaning that he would be entitled to a 10-level reduction in his offense level. Consequently, his sentencing range should have been between 57 to 71 months. *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1. The government

---

[1]    The Presentence Report calculated this amount by adding the drug quantities contained in the following six exhibits: Exhibit 3 (39 grams); Exhibit 4 (174 grams); Exhibit 6 (20 grams); Exhibit 7b (147.3 grams); Exhibit 13 (3,785.3 grams); Exhibit 14.01 (2,498.298 grams).

[2]    The probation officer erred in including the drug quantity listed in Exhibits 3, 4, 13 and 14.01. According to Ralph C. Cottrell III, a laboratory director at the Drug Enforcement Agency, the probation officer mistakenly believed that the weight in each of the exhibits was that of pure pseudoephredine, when in fact, there was only a detectable amount of pseudoephredine.

in its brief concedes that it erred in calculating the drug amount. Johnson's attorney, however, never noticed this error, and did not object to the district court's factual finding as to the drug quantity. Johnson now requests this court to vacate his sentence and remand for resentencing.

Because Johnson failed to raise this issue at sentencing, we review the district court's factual findings for "plain error." *See United States v. Olano*, 507 U.S. 725, 731-37 (1993) (discussing the "plain error" standard in criminal trials). More specifically, Johnson must first show a clear or obvious error that affects his substantial rights. *See id*; *see also* FED. R. CRIM. P. 52(b). Once he makes this showing, the court can use its sound discretion to determine if the error seriously affects the fairness, integrity or public reputation of the judicial proceeding. *See Olano*, 507 U.S. at 735 (noting that Rule 52(b) is "permissive, not mandatory.")

We hold that "plain error" exists to justify vacating Johnson's sentence. First, the government concedes that there was a "plain error" in calculating the drug quantity. Second, this error clearly affected Johnson's substantial rights because it greatly increased Johnson's sentencing range under the USSG. *See United States v. Aderholt*, 87 F.3d 740, 744 (5th Cir. 1996) (holding that an erroneous calculation under the USSG substantially affected the defendant's rights). Finally, a failure to order resentencing would affect the fairness and integrity of the judicial proceeding.[3]

Johnson's sentence is VACATED, and the case is REMANDED for resentencing.

---

[3] Johnson also raised an ineffective assistance of counsel argument. Because we are vacating his sentence and remanding the case pursuant to "plain error," we need not address this claim.