United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41711
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO DE LA TORRE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-623-1
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Antonio De La Torre pleaded guilty to count one of an indictment charging him for transporting an undocumented alien within the United States by means of a motor vehicle for private financial gain. He was sentenced at the top of the guideline imprisonment range to a 24-month term of imprisonment and to a three-year period of supervised release. De La Torre has appealed his conviction and sentence.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

De La Torre contends that his sentence should be vacated because the district court erred in calculating his criminal history score. Because this question has been raised for the first time on appeal, we review it for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993).

The district court assessed three criminal history points, under U.S.S.G. §§ 4A1.1(c) and 4A1.1(d), because De La Torre had a 1995 conviction for burglary of a habitation and because he was on probation at the time of that offense. The parties agree that it was clear error to assess criminal history points for this conviction because the offense occurred before De La Torre was eighteen years old and more than five years before the instant offense. See U.S.S.G. § 4A1.2(d)(2). They agree that De La Torre should have been classified as having a criminal history category II, instead of III, and that his guideline imprisonment range should have been 15-21 months, instead of 18-24 months. Because the district court clearly erred and because De La Torre's substantial rights were affected, we VACATE the sentence and REMAND for resentencing. See United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996).

De La Torre contends that his guilty plea should be vacated because the district court erred in delegating to the magistrate judge the duty to conduct the FED. R. CRIM. P. 11 plea colloquy, which he contends is statutorily and constitutionally impermissible. De La Torre concedes that these issues have been

resolved contrary to his position in <u>United States v. Dees</u>, 125 F.3d 261, 265-69 (5th Cir. 1997), and states that he has raised the issues only to preserve them for possible further review. The conviction is AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.