United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41369
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAYMOND DEWAYNE COLLIER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-48-1
--------------------

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:*

     Raymond Dewayne Collier ("Collier") appeals the sentence
imposed following his guilty-plea conviction for using a social
security number that was not assigned to him by the Commissioner
of the Social Security Administration.  For the first time on
appeal, Collier argues that the district court's application of
the two level sentencing enhancement found in U.S.S.G.
§ 2F1.1(b)(5)(C)(i) was plainly erroneous.  The Government
concedes that the district court committed plain error.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Ordinarily, a district court's application of the sentencing guidelines is reviewed de novo, and its findings of fact are reviewed for clear error. United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997). However, we apply a plain-error analysis with respect to guideline issues to which the defendant failed to object in the district court. United States v. Mora, 994 F.2d 1129, 1141-42 (5th Cir. 1993). "Under the plain error standard, forfeited errors are subject to review only where the errors are 'obvious,' 'clear,' or 'readily apparent,' and they affect the defendant's substantial rights." United States v. Clayton, 172 F.3d 347, 351 (5th Cir. 1999)(citation omitted). "We will not exercise our discretion to correct the forfeited errors, however, unless they 'seriously affect the fairness, integrity, or public reputation of the judicial proceeding.'" Id. (citation omitted).

If the sentencing court determines that use of the version of the guidelines in effect on the date of sentencing would violate the Ex Post Facto Clause, the version of the guidelines in effect on the date the offense of conviction was committed should be used. See § 1B1.11(b)(1). Section 2F1.1(b)(5)(C)(i) was added to the guidelines by Amendment 596, which went into effect November 1, 2000. U.S.S.G. Supp. to App. C, Amend. 596. Section 2F1.1 in the 1998 version of the guidelines, which was the version in effect at the time Collier committed his offense of conviction, does not contain a specific offense characteristic

applicable if the offense involved the unauthorized use of another person's social security number in order to produce another means of identification.  See § 2F1.1 (1998).

The district court's use of the incorrect version of the guidelines is clear and obvious from the record.  Without the addition of two offense levels pursuant to § 2F1.1(b)(5)(C)(i), Collier's total offense level would have been 13, thereby resulting in a recommended guideline range of imprisonment of 15 to 21 months.  See U.S.S.G. Ch.5, Pt. A.  The error therefore substantially affected Collier's rights, as it resulted in Collier receiving a sentence which exceeded the maximum limit of the appropriate guideline imprisonment range by three months.  See United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996).  Because Collier's sentence was erroneously lengthened, the fairness of this judicial proceeding was seriously affected.  See id.  Accordingly, Collier's sentence is VACATED and the case is REMANDED for resentencing.