United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-40479
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE BARGAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(B-02-CR-774-1)
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jorge Bargas appeals his conviction and sentence imposed following his guilty plea for possession with intent to distribute marijuana. See 21 U.S.C. § 841(b). Bargas argues, for the first time on appeal and to preserve the issue for possible Supreme Court review, that 21 U.S.C. § 841 is facially unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). As Bargas concedes, this issue is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bargas argues, also for the first time on appeal, that the district court erred in calculating his criminal history score, assessing a total of three criminal history points on the basis of prior offenses committed when he was 17 years old. See U.S.S.G. § 4A1.2(d)(2)(B). The parties agree that the plain error standard of review governs, and that the district court plainly erred in assessing the three criminal history points for offenses committed before Bargas was eighteen years old, because the sentences for the prior offenses were imposed more than five years before the commencement of the instant offense. See U.S.S.G. § 4A1.2(d)(2)(B).

Without the assessment of these three criminal history points, Bargas would have received a criminal history category of IV, instead of V. This, in turn, would have produced an imprisonment range under the sentencing guidelines of 57 to 71 months, instead of the 70 to 87 month range used by the district court at sentencing. See U.S.S.G. Ch.5, Pt. A, Sentencing Table. The error affected Bargas's substantial rights, as it resulted in his receiving a sentence of 87 months' imprisonment, a sentence that exceeded the maximum sentence under Bargas's appropriate guidelines sentencing range by 16 months. See United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996). The fairness of the judicial proceeding was seriously affected because the increase in Bargas's sentence was erroneous and substantial. See id. Accordingly, we vacate Bargas's sentence and remand the case for resentencing.

Bargas also contends, and the government concedes, that the written judgment states incorrectly that he was convicted of an offense under 21 U.S.C. § 841(b)(1)(B), rather than an offense under 21 U.S.C. § 841(b)(1)(C). Bargas asks us to remand the case to the district court for correction of the judgment pursuant to FED. R. CRIM. P. 36, and the government agrees that a remand for correction of this "clerical error" would be the proper course.

Irrespective of the government's concession on this point, we are not convinced, based on the record, that the "error" in the judgment is the sort of mechanical or clerical error that is subject to correction under Rule 36. See FED. R. CRIM. P. 36. Inasmuch as Bargas's indictment charged him with an offense under 21 U.S.C. § 841(b)(1)(B), and Bargas pleaded guilty as charged in the indictment, the error in the judgment, if any, is not the kind that is "clearly a clerical one which should be corrected under FED. R. CRIM. P. 36]." Cf. United States v. Sapp, 439 F.2d 817, 821 (5th Cir. 1971).

AFFIRMED IN PART; VACATED IN PART; AND REMANDED FOR RESENTENCING.