United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20573
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KEVIN RAY HALL,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-7-ALL
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Kevin Ray Hall appeals his conviction and sentence for

possession of a firearm by a convicted felon in violation of 18

U.S.C. §§ 922(g)(1), 924(a)(2).  He argues that the evidence was

insufficient to prove beyond a reasonable doubt that he was a

convicted felon at the time he possessed the firearm.  In order

to convict Hall of an offense pursuant to 18 U.S.C. § 922(g)(1),

the Government was required to prove that Hall "(1) has been

convicted of a felony; (2) possessed a firearm in or affecting

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

interstate commerce; and (3) knew that he was in possession of the firearm." United States v. Ferguson, 211 F.3d 878, 885 n.4 (5th Cir. 2000) (internal quotations and citations omitted). When the evidence is viewed in the light most favorable to the Government, a rational trier of fact could have found that at the time Hall possessed the firearm, at 7:30 p.m., on May 1, 2002, he already had been convicted of a felony offense. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Hall also argues that the evidence was insufficient to establish the interstate commerce element of 18 U.S.C. § 922(g). Hall raises his argument solely to preserve it for possible Supreme Court review, as he acknowledges that his argument is foreclosed by existing Fifth Circuit precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

Hall argues, for the first time on appeal, that the district court erred in calculating his criminal history score, assessing a total of four criminal history points for each of two prior offenses committed when he was 17 years old. See U.S.S.G. § 4A1.2(d)(2)(A). The parties agree that the plain error standard of review governs.

The district court plainly erred in assessing the four criminal history points for offenses committed before Hall was eighteen years old, because he was released from confinement as to those offenses more than five years before the commencement of the instant offense. See U.S.S.G. § 4A1.2(d)(2)(A). Without the

assessment of these four criminal history points, Hall would have received a criminal history category of IV, instead of V. This, in turn, would have produced an imprisonment range under the sentencing guidelines of 63 to 78 months, instead of the 77 to 96 month range used by the district court at sentencing. See U.S.S.G. Ch.5, Pt. A, Sentencing Table. The error affected Hall's substantial rights, as it resulted in his receiving a sentence of 96 months' imprisonment, a sentence that exceeded the maximum sentence under Hall's appropriate guidelines sentencing range by 18 months. See United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996). The fairness of the judicial proceeding was seriously affected because the increase in Hall's sentence was erroneous and substantial. See id. Accordingly, we vacate Hall's sentence and remand the case for resentencing.

AFFIRMED IN PART; VACATED IN PART; REMANDED FOR RESENTENCING.