United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50213
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO VIVAR-ACOSTA, also known as Sergio Vivar,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1893-ALL-KC
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sergio Vivar-Acosta appeals the sentenced imposed following his guilty-plea conviction for illegal reentry following deportation subsequent to an aggravated-felony conviction, a violation of 8 U.S.C. § 1326.

Vivar argues that the imposition of his 60-month sentence constitutes a due process violation in light of Apprendi v. New Jersey, 566 U.S. 430 (2000), because his prior aggravated felony conviction was not alleged in the indictment. Vivar's challenge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 227-47 (1998), in which the Supreme Court held that Congress intended to set forth sentencing factors in 8 U.S.C. § 1326(b), not a separate criminal offense, and that the sentencing provisions in 8 U.S.C. § 1326(b) were not unconstitutional. The Supreme Court in <u>Apprendi</u> expressly declined to overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court must therefore follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984. Thus, to the extent Vivar challenges that district court's rejection of his <u>Apprendi</u> argument, the judgment of the district court is AFFIRMED.

Vivar argues that the district court erroneously calculated his criminal history points when it assigned three criminal history points to his 1999 conviction for burglary. The plain error standard of review governs this issue since it was not raised below. <u>United States v. Wilder</u>, 15 F.3d 1292, 1301 (5th Cir. 1994). The Government concedes that there was an error, that the error was clear or obvious, and that the error affected Vivar's substantial rights. See <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993) (setting forth elements of plain error review).

The text of the Presentence Report ("PSR") states that for the offense at issue Vivar was sentenced to a total of seven months of incarceration. In accordance with the relevant

sentencing guidelines, this conviction should have received only two criminal history points.  See U.S.S.G. § 4A1.1(b) & comment.; U.S.S.G. § 4A1.2(b)(1) & (2); United States v. Carbajal, 290 F.3d 277, 283 (5th Cir.), cert. denied, 537 U.S. 934 (2002) (if the guideline language is unambiguous, this court's inquiry begins and ends with an analysis of the plain meaning of that language). Thus, the guidelines indicate that there was an error in the PSR. The error also affected Vivar's substantial rights, since Vivar's sentence is greater than the upper end of the correct guidelines imprisonment range.  Additionally, the fairness of the judicial proceeding was seriously affected because the increase in Vivar's sentence was erroneous and substantial.  See United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996).  We therefore VACATE the sentence insofar as its calculation includes three criminal history points for Vivar's 1999 burglary conviction and REMAND for resentencing.

AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR RESENTENCING.