United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31012
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE JACKSON; JUANITA ANN BROWN EVANS;
JACOBY DWAYNE BROWN,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Western District of Louisiana
(03-CR-50006-2)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Maurice Jackson, Juanita Ann Brown Evans, and Jacoby Dwayne Brown were convicted by a jury of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 by engaging in a scheme to obtain money from State Farm Insurance Companies. The overt acts of the conspiracy included a staged automobile accident and the arson of Evans's home. They were also convicted of substantive mail fraud, in violation of 18 U.S.C. § 1341.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

All defendants challenge the sufficiency of the evidence. Evans and Brown did not renew their motions for judgment of acquittal at the close of all evidence, and we conclude from the record that their convictions did not result in a miscarriage of justice. See United States v. Delgado, 256 F.3d 264, 274 (5th Cir. 2001). With respect to Jackson, we conclude that the evidence was sufficient because a rational trier of fact could find that he participated in the conspiracy. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Evans contends that the district court erroneously admitted evidence of her bankruptcy and her asset listings in the bankruptcy proceedings. We conclude that the evidence was relevant and that the district court did not abuse its discretion. See United States v. Pace, 10 F.3d 1106, 1115-16 (5th Cir. 1993); FED. R. EVID. 403. We conclude alternatively that if any error occurred, it was harmless. See Pace, 10 F.3d at 1116; United States v. Howell, 664 F.2d 101, 105 (5th Cir. 1981).

Evans also contends that the district court erred by applying a two-point enhancement to her offense level for being a leader or organizer of the arson scheme and another two-point enhancement for the use of a minor in the staged car accident. Evans's minor son was present in one of the automobiles in the accident, and Evans collected payment from State Farm on his behalf. Evans also recruited Vidal Wilson to set fire to her house. The district

court's enhancements were not clearly erroneous.  See United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995); U.S.S.G. §§ 3B1.1(c), 3B1.4.

Jackson advances that the district court was required to find him guilty of arson beyond a reasonable doubt before applying U.S.S.G. § 2K1.4 because he was charged in a multiple object conspiracy.  We disagree.  See United States v. Aderholt, 87 F.3d 760, 741 (5th Cir. 1996).  Although Jackson argues further that the district court erred in ordering him to pay restitution for losses incurred in connection with the arson, the restitution order was proper.  See United States v. Hughey, 147 F.3d 423, 437-38 (5th Cir. 1998).  Jackson also insists that the district court's use of relevant conduct to determine his sentence violates the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000), and that the dramatic increase in his guideline range required a heightened burden of proof.  Apprendi is inapplicable because Jackson's sentence did not exceed the statutory maximum.  See United States v. Keith, 230 F.3d 784, 786-87 (5th Cir. 2000).  The increase in his sentencing range was not sufficiently dramatic to require the heightened level of proof.  See, e.g., United States v. Carreon, 11 F.3d 1225, 1240 (5th Cir. 1994).  Finally, Jackson's argument that his sentence violates Blakely v. Washington, 124 S. Ct. 2531 (2004), is foreclosed.  See United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), petition for cert. filed, (U.S. July 14, 2004)(No. 03-30437).

The convictions and sentences of all Defendants-Appellants are AFFIRMED.