United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20326
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

KEVIN RAY HALL,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-7-1
---------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Kevin Ray Hall was convicted after a jury trial of being a

felon in possession of a firearm.  We previously remanded to the

district court for resentencing, and Hall appeals from that

proceeding.

    Hall argues, relying on <u>Blakely v. Washington</u>, 124 S. Ct.

2531 (2004), that the district court plainly erred by increasing

his offense level by two levels based on the district court's

finding that the firearm had been stolen.  He also contends that

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the evidence presented at trial was insufficient to establish that the firearm that he possessed traveled in or affected interstate commerce. Hall concedes that these arguments are foreclosed but raises them to preserve further review.

In United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263), this court held that Blakely does not apply to the federal sentencing guidelines. Therefore, Hall's sentencing argument is foreclosed.

Hall unsuccessfully raised the interstate commerce issue in his prior appeal. See United States v. Hall, No. 03-20573 (5th Cir. Feb. 12, 2004) (unpublished). This issue is barred by the law of the case doctrine. See United States v. Lee, 358 F.3d 315, 320 (5th Cir. 2004).

AFFIRMED.