United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30682
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

HERBERT PEA,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50053-SMH-1
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Herbert Pea appeals his guilty-plea sentence for conspiracy
to pass and utter counterfeit money in violation of 18 U.S.C.
§§ 472 and 473.  He argues that the district court's order of
$3,000 in restitution was plain error because, pursuant to the
plea agreement, he agreed to pay only $2,500 in restitution.  He
also argues that the order of restitution violates <u>Blakely v.
Washington</u>, 124 S. Ct. 2531 (2004), because it was based on facts
not proven to a jury or admitted by him.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Given that the mutual understanding of the parties was that the counterfeiting conspiracy charge was based upon an underlying scheme of conduct involving $2,500 and not $3,000 and given that the district court accepted the plea agreement, which included in its terms a restitution requirement of $2,500, the order of $3,000 in restitution was an error that was plain and that affected Pea's substantial rights because he was sentenced to an amount of restitution higher than agreed to in the plea agreement. See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Adams, 363 F.3d 363, 365-67 (5th Cir. 2004); McClure v. Ashcroft, 335 F.3d 404, 413 (5th Cir. 2003). In addition, the error affected the fairness and integrity of the judicial proceeding. See United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996). Accordingly, the district court's order of restitution is VACATED and the case is REMANDED for recalcuation of the restitution order. Given that the restitution order will be recalculated, we do not address Pea's Blakely argument. Pea's sentence is otherwise AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.