IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-60856
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TRILLO BROWN,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 1:03-CR-73

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Trillo Brown, federal prisoner # 11800-042, was convicted, on his guilty plea, of violating 21 U.S.C. § 841 by distributing more than five grams of crack

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine. He was sentenced to 105 months of imprisonment and did not appeal. After his conviction became final, he filed a motion to compel the government to move, pursuant to FED. R. CRIM. P. 35, to reduce his sentence. That motion was denied. We affirm.

Proceeding pro se on appeal, Brown asserts that he complied with his plea-bargain obligation to provide information concerning drug trafficking. He argues that the government, in the plea agreement, bargained away its discretion to file a rule 35 motion. He further contends that the government breached the plea agreement because it neither moved for a departure for substantial assistance nor for a reduced sentence pursuant to rule 35. In his view, the government had an unconstitutional motive that consisted of "abusing [its] discretionary power and [taking] advantage" of him.

On motion of the government, a court may reduce a sentence to reflect substantial assistance in the investigation or prosecution of another offender. FED. R. CRIM. P. 35(b). Only the government has the authority to file such a motion, but it does not have the obligation to do so. Wade v. United States, 504 U.S. 181, 185 (1992); United States v. Sneed, 63 F.3d 381, 389 n.6 (5th Cir. 1995). Nevertheless, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." Wade, 504 U.S. at 185. A court can review the refusal to move for a reduction if the defendant makes "a 'substantial threshold showing' that the refusal is based on unconstitutional motives" such as race or religion. Sneed, 63 F.3d at 389 n.6 (quoting Wade, 504 U.S. at 186). Brown does not make a substantial threshold showing of an unconstitutional motive.

The record refutes Brown's related contention—that the government's conduct does not comport with the parties' reasonable understanding of the plea agreement, which explicitly grants the government complete discretion with regard to filing a rule 35 motion. Brown expressly acknowledged the agreement's provisions at rearraignment and agreed with the prosecutor's statement that the

agreement reflects all the promises, agreements, and understandings. Accordingly, and in view of the lack of any unconstitutional motive, the failure to file such a motion did not violate the plea agreement. See United States v. Aderholt, 87 F.3d 740, 743 (5th Cir. 1996).

AFFIRMED.