# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 18, 2013

Lyle W. Cayce
Clerk

No. 12-20177
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE GAMBOA MOSQUERA, also known as Jorge Mosuera Gamboa, also known as Jorge Mosqueda Gamboa, also known as Jorge Gamboa-Mosquera, also known as Fidel Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-673-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Gamboa Mosquera appeals his guilty plea conviction for illegal reentry into the United States after deportation following an aggravated felony conviction. He asserts that his guilty plea was unknowing and involuntary because the district court failed to advise him – or obtain a waiver of – his right to a jury trial, to plead not guilty, to be represented by counsel at trial and at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

every other stage of the proceedings, and at trial to confront and cross-examine adverse witnesses, to be protected from compelled self incrimination, and to testify and present evidence. The Government and Gamboa Mosquera have filed a joint motion to summarily vacate the guilty plea and remand the case for further proceedings in lieu of filing an appellee's brief in light of these omissions. Because Gamboa Mosquera did not object to these errors in the district court, review is limited to plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002).

A review of the record confirms that the district court did not advise Gamboa Mosquera of the aforementioned rights. These errors are obvious because the admonishments are specifically required by Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Aderholt*, 87 F.3d 740, 744 (5th Cir. 1996). However, Gamboa Mosquera does not contend and there is no indication in the record that he wanted to go to trial or that he had any defense to the illegal reentry charge that he might have asserted at trial. He does not argue that, but for the above errors of the district court, he would not have pleaded guilty and, therefore, he has not shown that these errors affected his substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (5th Cir. 2004). Accordingly, we DENY the joint motion, DISPENSE with further briefing, and AFFIRM the judgment of the district court.