# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2014

No. 13-40745
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AGUSTIN ELOY PINEDA-BARRIENTOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-2006-2

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Agustin Eloy Pineda-Barrientos (Pineda) was convicted, pursuant to his guilty plea, of conspiring to possess with intent to distribute 100 kilograms or more of marijuana. The district court denied Pineda's request for a safety valve adjustment after determining, based on its review of a videotape, that Pineda had been aware that a third person had been present as marijuana bundles were being moved, a fact Pineda had not admitted when debriefed. Pineda was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to a 60-month term of imprisonment, which was the statutory minimum. *See* 21 U.S.C. § 841(b)(1)(B).

According to Pineda, the district court reversibly erred by failing to depart below the statutory minimum. He argues that the Government's refusal to move for a downward departure was not rationally related to any legitimate government end. Because this argument is raised for the first time on appeal, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). For Pineda to prevail on plain error review, the error must be clear or obvious and affect substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If these requirements are met, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Absent a contrary agreement, which does not exist in the instant case, the decision whether to file a U.S.S.G. § 5K1.1 motion based on a defendant's substantial assistance is discretionary. *Wade v. United States*, 504 U.S. 181, 185 (1992). When the Government retains discretion to file a motion for a downward departure, its refusal to do so is reviewable only for "unconstitutional motives." *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir. 1996). An "unconstitutional motive" exists if a prosecutor refused to file a § 5K1.1 motion "because of the defendant's race or religion" or for any other reason "not rationally related to any legitimate Government end." *Wade*, 504 U.S. at 185-86. Under this standard, a defendant must show that the Government's decision was "based on his membership in an identified group, or on some specified characteristic, that the government has no possibly legitimate grounds for treating in a discriminatory manner." *United States v. Urbani*, 967 F.2d 106, 110 (5th Cir. 1992).

Pineda asserts that the Government's decision not to move for a downward departure was improper as the existence of a third person was not conclusively established and because the district court's findings and conclusions did not establish that he was untruthful or that a third person existed.  He argues that the Government failed to specifically set forth the information it was seeking from him and therefore improperly denied him a downward departure for substantial assistance.

The above contentions fail to make the required showing of an "unconstitutional motive." *See Wade*, 504 U.S. at 186; *Urbani*, 967 F.2d at 110. Indeed, in his reply brief, Pineda admits that race and religion did not play a role in his sentencing.  Pineda has not demonstrated plain error. *See Puckett*, 556 U.S. at 135.

To the extent that Pineda contends that he was entitled to a safety valve adjustment under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, which was the argument he raised in the district court, he fails to show reversible error.  "The plain language of the statutes and guidelines requires that [the defendant] truthfully provide all information and evidence regarding the offense to be eligible for the [safety valve] reduction." *United States v. Moreno-Gonzalez*, 662 F.3d 369, 375 (5th Cir. 2011).  As noted above, based on its review of the videotape, the district court determined that, in refusing to admit that he was aware of the presence of a third person, Pineda had failed to truthfully debrief. Pineda makes no attempt to rebut this finding, and thus has not demonstrated that the district court clearly erred in denying the safety valve adjustment. *See United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006).

AFFIRMED.