# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40004
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NANCY ARLENE LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-73-2

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Nancy Arlene Lopez pleaded guilty, pursuant to a written plea agreement, to conspiring to import 500 grams or more of methamphetamine and was sentenced to the statutory minimum of 120 months of imprisonment and five years of supervised release. Her sole contention on appeal is that the Government plainly erred by failing to move for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40004

based on her substantial assistance.  Lopez concedes that she did not raise this issue in the district court so our review is limited to plain error.  *Puckett v. United States*, 556 U.S. 129, 134-43 (2009); *United States v. Kirkland*, 851 F.3d 499, 502-03 (5th Cir. 2017).

Absent a contrary agreement, the Government's decision whether to file a § 5K1.1 motion is discretionary.  *Wade v. United States*, 504 U.S. 181, 185 (1992).   The Government retained that discretion, so its refusal to move for a downward departure would warrant relief only if it acted with an unconstitutional motive.  *United States v. Aderholt*, 87 F.3d 740, 742-43 (5th Cir. 1996).  An "unconstitutional motive" would exist if a prosecutor refused to file a § 5K1.1 motion "because of the defendant's race or religion" or for any other reason "not rationally related to any legitimate Government end."  *Wade*, 504 U.S. at 186.

Lopez does not assert that the Government's decision not to file a § 5K1.1 motion was based on her membership in any group or on any of her specific characteristics.  She maintains instead that the Government did not file a § 5K1.1 motion for the unconstitutional purpose of taking statements in violation of *Miranda v. Arizona,* 384 U.S. 436 (1966).  This contention fails under plain error review: The instant record contains no evidence that shows plainly or clearly that her statement was made in violation of *Miranda.  See Puckett*, 556 U.S. at 135.

AFFIRMED.