**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roscoe WILSON, Defendant–Appellant.**

No. 89–6317
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 2, 1991.

Miguel Caridad, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Before ANDERSON, CLARK and COX, Circuit Judges.

PER CURIAM:

Appellant Roscoe Wilson pled guilty in the district court to malicious damage to property by means of fire in violation of 18 U.S.C. § 844(i) and to conspiracy to commit the same in violation of 18 U.S.C. § 371. The district court sentenced appellant to a 57–month prison term to run concurrently for both counts.[1] The district court arrived at this sentence by increasing appellant's offense level by 18 points pursuant to § 2K1.4(b)(1) of the Sentencing Guidelines.[2] Appellant challenges that ruling and the district court's inclusion in his criminal history category of a prior eight-month sentence imposed by military court for being absent without leave ("AWOL"). We af-

---

**1.** Appellant was also sentenced to three years supervised release to follow his incarceration and ordered to pay $60,000 in restitution.

**2.** Section 2K1.4 has subsequently been amended. We will of course apply the Guidelines as they were in effect at the time that appellant was sentenced.

firm the district court's sentencing determination.

## DISCUSSION

### A. *The Military Sentence*

■ Section 4A1.2(g) of the Sentencing Guidelines provides that "[s]entences resulting from military offenses are counted [for purposes of criminal history] if imposed by a general or special court martial. Sentences imposed by a summary court martial or Article 15 proceeding are not counted." Although conceding that his military sentence was imposed by a general or special court martial, appellant argues that this sentence should not have been counted in his criminal history because AWOL has no civilian counterpart. In other words, appellant presents the novel argument that inclusion of a military sentence imposed for going AWOL is inconsistent with the purposes of the Sentencing Guidelines' criminal history provisions because AWOL is a uniquely military offense not relevant to a defendant's danger to the community or likelihood of recidivism. *See* Sentencing Guidelines Ch. 4, Part A introductory commentary.

Although this argument has some superficial appeal, we reject it as unsupported by the Sentencing Guidelines. Initially, we note that the plain meaning of § 4A1.2(g) is that *all* military sentences imposed by general or special court martial are includable in the criminal history calculation. Furthermore, and perhaps more importantly, § 4A1.2(c)(1) of the Sentencing Guidelines lists a series of relatively minor offenses that are counted under certain circumstances.[3] Although military AWOL is not among those listed, § 4A1.2(c)(1) provides that offenses "similar" to those that are listed are counted under the same circumstances. We find that a military AWOL

---

**3.** The offenses listed in § 4A1.2(c)(1) "are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense...." Appellant's military sentence was greater than thirty days.

sentence is similar to the listed civilian offenses of "[c]ontempt of court" and "[h]indering or failure to obey a police officer." These offenses similarly involve a disregard for lawful authority. Therefore, we affirm the district court's calculation of appellant's criminal history category.

### B. *The Offense Level Increase*

Section 2K1.4(b)(1) provided, at the time that appellant was sentenced, for an increase of 18 offense levels on an arson conviction "[i]f the defendant knowingly created a substantial risk of death or serious bodily injury." Appellant argues that the district court erred by applying this guideline. Instead, appellant asserts that the district court should have applied § 2K1.4(b)(5), which provided for only a four-level increase where the defendant "endangered the safety of another person." Even if he recklessly endangered the safety of another, appellant suggests alternatively, only a 14-level increase was warranted under § 2K1.4(b)(2).

We will not disturb the district court's factual findings as to the extent of the danger to others caused by appellant's actions unless clearly erroneous. *See United States v. Scroggins,* 880 F.2d 1204, 1206 n. 5 (11th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990); 18 U.S.C. § 3742(e). The district court found that appellant set the fire with multiple points of origin, that surrounding businesses were at considerable risk, and that the firemen who eventually fought the blaze were substantially endangered. The district court also noted that one of the firemen was in fact slightly injured.[4] In addition, the presentence report noted that there was an inhabited apartment complex a mere 35 feet from the building set ablaze by appellant. The district court made these findings and the ultimate finding that appellant knowingly created a risk of death or serious bodily injury despite appellant's testimony that he had carefully set the fire so as to avoid creating such a risk. Appel-

lant's renewal of this argument on appeal where we have no opportunity to gauge his credibility is not persuasive. 18 U.S.C. § 3742(e) ("The Court of Appeals shall give due regard to the opportunity of the district court to judge the credibility of the witness...."). Therefore, we affirm the district court's 18–*level* increase of appellant's offense level under the Sentencing Guidelines.

AFFIRMED.

---

**4.** The "substantial risk of death or serious bodily injury" contemplated by the Guidelines includes the risk to firefighters. *See United States v. Medeiros,* 897 F.2d 13, 20 (1st Cir.1990). *See* *also* Sentencing Guidelines § 2K1.4 application note 2 (commentary to the recently amended guideline states that the risk to firefighters is included).