UNITED STATES of America,
Plaintiff–Appellee,

v.

Rick Steven HONEYCUTT,
Defendant–Appellant.

No. 92–4973
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 1993.

786

Peter Birch, Asst. Federal Public Defender, West Palm Beach, FL, for defendant-appellant.

Dawn Bowen, Linda Collins Hertz, U.S. Attys., Miami, FL, for plaintiff-appellee.

Before KRAVITCH, EDMONDSON and CARNES, Circuit Judges.

KRAVITCH, Circuit Judge:

This case calls upon the court to define the term "knowingly" as used in § 2K1.4(a) of the Sentencing Guidelines. This term must be defined in order to determine whether the district court properly found, for sentencing purposes, that appellant knowingly created a substantial risk of death or serious bodily injury while committing the underlying offenses. Under the Guidelines § 2K1.4, Arson: Property Damage by Use of Explosives, a base offense level of 20 is applied if the defendant created a substantial risk of death or serious bodily injury, and a base offense level of 24 is applied if such a risk was created knowingly. Appellant Rick Steven Honeycutt contests the district court's application of a base offense level of 24 to the two counts on which he was sentenced, based on its determination that he knowingly created a substantial risk of death or serious bodily injury. He argues that the proper base offense level is 20.

I.

Appellant pled guilty to two counts of arson in violation of 18 U.S.C. § 844(i). The two counts arose out of separate incidents. In the first incident, appellant became involved in a dispute with an employee of John Dee's Tavern. When on a subsequent visit he was asked to leave, he threatened to "torch" the bar. Appellant later returned to the bar and threw a glass jug containing gasoline, commonly referred to as a Molotov cocktail, at the building causing a fire. This incident occurred at approximately 9:00 p.m., when there were five people in the bar. At the sentencing hearing, appellant admitted that he knew the bar was occupied. He stated that he planned to throw the device inside the bar, but when he saw that there were people inside he threw the device against the corner of the building.

In the second incident, appellant became involved in a dispute with the owner of an automobile body shop, X–Pertech, where appellant's car was being repaired. X–Pertech was located in the same warehouse complex as another automobile repair shop where appellant worked. At approximately 11:15 p.m. one evening, appellant poured a five gallon drum of lacquer thinner against the outside wall of X–Pertech in a bay where cars were stored and lit fires in four places. Some of the lacquer thinner seeped under the wall and into X–Pertech, causing fire damage inside X–Pertech. Fortunately the fire was extinguished by the sprinkler system prior to the arrival of emergency personnel. The government proffered evidence at the sentencing hearing that the fire investigator who surveyed the fire scene would testify that the car warehouse and automobile shops in the area contained highly hazardous materials and that if these materials had caught on fire, there could have been extensive damage to the structure of the building which would have created a threat to fire fighters. In addition, the government argued that the use of an accelerant and the setting of multiple fires, created a potential danger to fire fighters, had the blaze not been extinguished by the sprinklers.

II.

Appellant contends that the government failed to produce evidence showing that he had actual knowledge that he created a substantial risk of death or serious bodily injury. The government claims it produced

sufficient evidence to support the district court's findings. The government bears the burden of proving sentencing factors by a preponderance of the evidence. *United States v. Castellanos,* 904 F.2d 1490, 1494–95 (11th Cir.1990). The district court's determination that the appellant knowingly created a substantial risk of death or serious bodily injury is a finding of fact that will not be disturbed unless clearly erroneous. *United States v. Scroggins,* 880 F.2d 1204, 1206 n. 5 (11th Cir.1989), *cert. denied,* 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990). The definition of a Guidelines term is a question of law, however, and is subject to de novo review. *United States v. Burton,* 933 F.2d 916, 917 (11th Cir.1991).

■ As the Guidelines do not define the term "knowingly" we must search elsewhere for guidance. *See United States v. Karlic,* 997 F.2d 564, 569 (9th Cir.1993). In the past, the Supreme Court has looked to the Model Penal Code for the definition of "knowledge" in the interpretation of statutes. *See Turner v. United States,* 396 U.S. 398, 416 n. 29, 90 S.Ct. 642, 652 n. 29, 24 L.Ed.2d 610 (1970); *Leary v. United States,* 395 U.S. 6, 46 n. 93, 89 S.Ct. 1532, 1553 n. 93, 23 L.Ed.2d 57 (1969). *See also United States v. Restrepo–Granda,* 575 F.2d 524, 528 (5th Cir.), *cert. denied,* 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978) (noting the Supreme Court's use of the Model Penal Code definition of "knowingly").[1] The Model Penal Code definition of "knowingly" states:

> A person acts knowingly with respect to a material element of an offense when: ...
>
> (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

Model Penal Code § 2.02(2)(b) (1985). The Model Penal Code goes on to state that:

> When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person

is aware of a high probability of its existence, unless he actually believes that it does not exist.

Model Penal Code § 2.02(7) (1985).[2] We adopt this definition of "knowingly" for the interpretation of § 2K1.4. We note that the Ninth Circuit recently has done the same. *See United States v. Karlic,* 997 F.2d 564 (9th Cir.1993).

## III.

■ Applying this definition of knowledge, we turn to the district court's determination that appellant knowingly created a substantial risk of death or serious bodily injury in the course of his crimes. Ample evidence supports such a finding as to the first count. Appellant threw a Molotov cocktail at a structure that, by his own admission, he knew to be occupied. It is difficult to imagine a clearer illustration of the knowing creation of a substantial risk of death or serious bodily injury. The fact that fortuitously no one was injured and extensive damage did not result does not further appellant's contention that he did not knowingly create a substantial risk of death or serious bodily injury. At issue is appellant's state of mind at the time he threw the device, and not the actual results of his actions.

■ Turning to the second count, we conclude that the district court was not clearly erroneous in its conclusion that the appellant knowingly created a substantial risk of death or serious bodily injury to fire fighters who could have responded to the fire. It is explicitly stated in the application notes to § 2K1.4 that the creation of a substantial risk of death or serious bodily injury includes the risk created to fire fighters and other emergency and law enforcement personnel who respond to the offense. However, without more, the knowledge that fire fighters will respond to a fire cannot suffice to satisfy § 2K1.4(a)(1). If that knowledge alone were

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2. The definition of "knowingly" in the Model Penal Code has not changed from the definition in the 1962 Proposed Official Draft of the Model Penal Code, cited by the *Turner* and *Leary* Courts.

sufficient, § 2K1.4(a)(2) (creation of a substantial risk of death or serious bodily injury) would be subsumed by § 2K1.4(a)(1) (knowing creation of that risk), as fires are inherently dangerous, and the knowledge that fire fighters and emergency personnel respond to virtually all fires can ordinarily be presumed. Clearly it was intended that there be a distinction between the two sections. The arsonist must know that a specific fire for some reason poses a substantial risk of death or serious bodily injury to fire fighters and emergency personnel who may respond.

Such knowledge might be demonstrated by precisely the sort of proof offered by the government here. At the sentencing hearing, the government proffered evidence that, based on the proximity of hazardous materials and cars containing gasoline, had the fire not been extinguished by the sprinklers it could have been extremely dangerous to the structure of the warehouse complex, creating a serious threat to the responding fire fighters. Appellant himself contended that the fire was set in order to destroy his own car, and there were many cars in the area where appellant set the fire, all presumably containing gasoline. Further, it was shown that the accelerant used by appellant was retrieved from the automobile repair shop in which he worked, demonstrating knowledge that there were flammable substances in the same warehouse complex where the blaze was set. The potential danger of the fire, had it caught, was obvious. Based on the evidence offered, it was not clearly erroneous for the district court to find that appellant had knowledge of this fact. Appellant offered nothing to rebut the government's evidence on this point. Appellant's argument that the building was unoccupied does not counter the district court's finding that appellant knowingly created a substantial risk of death or serious bodily injury to fire fighters who might have responded, based on appellant's knowledge of the dangerous nature of the fire.

For the reasons stated above, the sentence imposed by the district court is AFFIRMED.