16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Greg JUPP, Defendant-Appellant.
 No. 93-2777.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 25, 1994.
Decided Feb. 3, 1994.
 
 Before CUMMINGS, BAUER and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Greg Jupp pleaded guilty to one count of malicious damage of property with an explosive in violation of 18 U.S.C. Sec. 844(i) for the destruction of Kathy McDaniel's automobile with a self-made pipe bomb. On appeal, Jupp challenges the enhancement of his sentence due to the district court's findings that he knowingly created a substantial risk of death or serious bodily injury to another individual and that he was the organizer of the offense. U.S.S.G. Secs. 2K1.4(a)(1), 3B1.1(c). We affirm.
 
 
 2
 Challenges to the district court's sentencing determinations are reviewed deferentially, United States v. Golden, 954 F.2d 1413, 1416 (7th Cir.1992), especially where the defendant's credibility is at issue. United States v. Tolson, 988 F.2d 1494, 1497 (7th Cir.1993). Factual findings will be reversed only if clearly erroneous; that is, if the appellate court is firmly convinced that a mistake was made. United States v. Gio, 7 F.3d 1279, 1289 (7th Cir.1993). Whether the district court properly enhanced a sentence based upon a specific offense characteristic is inherently a fact-specific question. Id.
 
 
 3
 Jupp argues that there was insufficient evidence to conclude that he knew of the substantial risk of death or serious bodily injury he was creating, and therefore, his base offense level should not have been raised four levels to 24. He claims that he built the bomb to minimize damage and that his intent was merely to frighten McDaniel and not to harm her.
 
 
 4
 Knowledge is actual consciousness and not "[w]hat the defendant should have known." United States v. Bader, 956 F.2d 708, 710 (7th Cir.1992). The district court found Jupp's testimony incredible given the power of the bomb, its placement six to ten feet next to a house occupied by two sleeping adults and one child, the damage to the car, the two shattered windows of McDaniel's house, a six-inch piece of shrapnel flung 175 feet from the bomb site, and another piece of shrapnel imbedded seven feet above the ground in a nearby tree. See Bader, 956 F.2d at 708, 710 (enhancement upheld where defendant placed three pipe bombs outside a house he knew to be occupied, and where shrapnel from the explosion fell within one foot of a sleeping child). In addition, the district court refused to believe Jupp's testimony that he surveyed the area surrounding McDaniel's automobile prior to the bombing to ensure that no one was nearby. Although Jupp was only two blocks from McDaniel's house when he detonated the bomb by remote control, the court noted that it would have been too dark at 3:00 a.m. to see McDaniel's vehicle and that Jupp stated earlier to the police that he simply "heard" the explosion. Furthermore, Jupp's first attempt to detonate the bomb occurred several blocks from the McDaniel residence in a White Hen Pantry parking lot. Under these circumstances, we do not find the district court's conclusion that Jupp knowingly created a substantial risk of serious bodily injury to be clearly erroneous.
 
 
 5
 Moreover, Jupp's contention that he designed and positioned the bomb to eliminate the risk of injury involves a credibility determination that is best left to the district court's judgment. Williams v. Lane, 851 F.2d 867, 872 (7th Cir.1988), cert. denied, 488 U.S. 1047 (1989); see also United States v. Wilson, 927 F.2d 1188 (11th Cir.1991) (whether defendant set fire to avoid creating a risk was a credibility determination). Jupp knew that some shrapnel would become airborne by the explosion. Indeed, he admitted that he thought that the shrapnel found was evidence of the minimal fallout he predicted. That statement supports the district court's conclusion that Jupp knew his actions created a danger not only for McDaniel, but for anyone else that happened to live or travel through the neighborhood. See United States v. Honeycutt, 8 F.3d 785, 787 (11th Cir.1993) (knowledge of risk existed where defendant, after seeing that the building was occupied, threw a Molotov cocktail against the corner of the bar rather than inside); United States v. Karlic, 997 F.2d 564, 570 (9th Cir.1993) (bombings of bank depository boxes between 3:00 and 5:00 a.m. on Monday mornings justified enhancement because defendants were aware that customers might arrive and that residents of an adjacent apartment complex were certain to be home); United States v. Bos, 917 F.2d 1178, 1182 (9th Cir.1990). Accordingly, we defer to the district court's credibility determination and uphold the enhancement under U.S.S.G. Sec. 2K1.4(a)(1).
 
 
 6
 The district court also enhanced Jupp's sentence for his role as an organizer of a criminal activity under U.S.S.G. Sec. 3B1.1(c), concluding that Sharon Porter drove Jupp to McDaniel's house by following his directions and accompanied him until the bomb was detonated. Jupp disputes that finding, claiming that he was the sole participant in this offense and that Porter knew nothing of his intention to bomb McDaniel's car. During oral argument, Jupp's counsel conceded that this argument lacked merit. We agree and find that the record amply supports the enhancement.
 
 
 7
 Porter admitted she knew of another bomb Jupp had planted a few weeks before near McDaniel's place of employment, that Jupp showed her the remote control device to detonate the bomb before they drove to McDaniel's home, and that Jupp told her twice that he was going to get McDaniel that evening. Furthermore, she pleaded guilty to the offense. See United States v. Levine, 983 F.2d 165, 168 (10th Cir.1992) (Sec. 3B1.1(a) enhancement upheld where defendant recruited and instructed salesmen and they pled guilty to similar charges). Finally, Jupp's exclusive role in planning and building the bomb as well as his recruitment of Porter to drive the car sufficiently indicate that Jupp was the organizer of the offense. See United States v. Ramacci, No. 93-1887, slip op. at 8 (7th Cir. Jan. 19, 1994) (absent defendant, co-defendants would not have become involved). Cf. United States v. Cotts, No. 92-4121, slip op. at 17 (7th Cir. Jan. 7, 1994) (totality of the circumstances indicates that defendant exercised authority over his codefendants).
 
 
 8
 For the foregoing reasons, Jupp's sentence is AFFIRMED.