IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2008

Charles R. Fulbruge III
Clerk

No. 05-41130

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARCELINO SANCHEZ-CORTEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:

Marcelino Sanchez-Cortez ("Sanchez") appeals the sentence imposed for his conviction of possession with intent to distribute cocaine. Sanchez asserts that the district court miscalculated his criminal history score by adding two points for a prior military court martial conviction of being absent without leave ("AWOL"). Finding no error, we AFFIRM.

I.

Sanchez pleaded guilty to possession with intent to distribute a quantity in excess of five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). At the sentencing hearing, the district court ruled that Sanchez did

not qualify for the "safety valve" provision of 18 U.S.C. § 3553(f) because he did not fall within criminal history category I, as required by the statute.

In calculating Sanchez's criminal history score, the district court assigned two criminal history points to Sanchez's prior conviction by an Article 86 United States Air Force Court Martial for being AWOL. Sanchez concedes that his AWOL conviction was imposed by a general or special court martial. He also concedes that he was sentenced to 114 days of confinement and ordered to forfeit $670 in pay per month for six months as a result of the offense.

The district court concluded that the prior AWOL conviction should be counted in calculating his criminal history score under § 4A1.2(g) of the Sentencing Guidelines, which provides that "[s]entences resulting from military offenses are counted if imposed by a general or special court martial." The district court rejected Sanchez's arguments that the AWOL conviction should be excluded from the calculation because it fell within the exceptions listed in § 4A1.2(c). The district court did, however, grant Sanchez a reduction for acceptance of responsibility. Based on this analysis, the district court sentenced Sanchez to 121 months of imprisonment, followed by a five-year term of supervised release.

II.

On appeal, Sanchez urges this court to vacate his sentence and remand because his prior AWOL conviction qualifies as one of the offenses excluded from criminal history calculations under § 4A1.2(c).

Although the Sentencing Guidelines are advisory rather than mandatory, the sentencing court must still "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. United States, 128 S. Ct. 586, 596 (2007) (citing Rita v. United States, 127 S.Ct. 2456, 2465 (2007)). This court reviews the district court's interpretation and application of the sentencing guidelines de novo. See United States v. Lee, 310 F.3d 787, 789 (5th Cir. 2002).

Generally, sentences for misdemeanor offenses are counted in the calculation of a defendant's criminal history score. U.S.S.G. § 4A1.2(c). However, certain listed offenses and offenses "similar to" them are excluded under the Guidelines. U.S.S.G. § 4A1.2(c)(1) and (2).[1] The military offense of being AWOL is not specifically listed in § 4A1.2(c)(1) or (2).[2]

Sanchez urges this court to remand so that the district court might examine the facts underlying his AWOL conviction to determine whether it is "similar to" the offenses listed in § 4A1.2(c)(1) or (2). Based on the current record, however, it is apparent that Sanchez's prior conviction does not qualify for either of the § 4A1.2(c) exclusions.

The exclusion provided in § 4A1.2(c)(1) is inapplicable here because convictions for offenses listed in § 4A1.2(c)(1), and similar offenses, do count in calculating the criminal history score "if the sentence was . . . a term of imprisonment of at least thirty days." Id. Sanchez was sentenced to 114 days of imprisonment for his AWOL conviction. Thus, the AWOL conviction would not qualify for the § 4A1.2(c)(1) exception even if it were similar to a listed offense.

Sanchez also asserts that his military conviction falls within the exclusion of § 4A1.2(c)(2) because being AWOL is similar to truancy — an offense

---

[1] The offenses listed in § 4A1.2(c)(1), and offenses similar to them, are counted in calculating a defendant's criminal history score "only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." Id. The offenses listed in § 4A1.2(c)(2), and offenses similar to them, are never counted.

[2] Under the 2003 edition of the Guidelines applicable to Sanchez, the offenses listed in § 4A1.2(c)(1) are: careless or reckless driving; contempt of court; disorderly conduct or disturbing the peace; driving without a licence or with a revoked or suspended license; false information to a police officer; fish and game violations; gambling; hindering or failing to obey a police officer; insufficient funds check; leaving the scene of an accident; local ordinance violations; non-support; prostitution; resisting arrest; and trespassing. The offenses listed in § 4A1.2(c)(2) are: hitchhiking; juvenile status offenses and truancy; loitering; minor traffic infractions; public intoxication; and vagrancy.

specifically listed in the subsection. Sanchez cites no authority for this proposition. To determine whether an offense is similar to one of the offenses listed in § 4A1.2(c), this court has used a "common sense approach which relies on all possible factors of similarity." United States v. Hardeman, 933 F.2d 278, 281 (5th Cir. 1991). We consider factors such as "a comparison of punishments imposed for the listed and unlisted offenses, the perceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct." Id. No factor is accorded dispositive weight. United States v. Lamm, 392 F.3d 130, 132 (5th Cir. 2004).

Under this common sense approach, Sanchez's AWOL offense is not similar to truancy. In Texas, truancy is a Class C misdemeanor, punishable by a fine not to exceed $500. TEX. EDUC. CODE ANN. § 25.094(e); TEX. PEN. CODE ANN. § 12.23. In contrast, Sanchez's AWOL conviction resulted in a sentence of 114 days' confinement and the forfeiture of $670 in pay per month for six months. The differences between the elements of truancy and the AWOL offense are also readily apparent.[3] In short, truancy laws apply to juveniles who fail to attend school, not adult members of the military who fail to report for duty. The "level of culpability" factor also indicates that an AWOL offense is not similar to truancy. The implications of violating truancy laws are largely personal to the student who misses educational opportunities. In contrast, an AWOL offense

---

[3] An individual commits the offense of truancy if the individual: "(1) is required to attend school under section 25.085; and (2) fails to attend school on 10 or more days or parts of days within a six-month period in the same school year or on three or more days or parts of days within a four-week period." TEX. EDUC. CODE ANN. § 25.094(a).

Article 86 of the Uniform Code of Military Justice defines absence without leave as follows: "Any member of the armed forces who, without authority (1) fails to go to his appointed place of duty at the time prescribed; (2) goes from that place; or (3) absents himself or remains absent from his unit, organization or place of duty at which he is required to be at the time prescribed."

may hinder orderly military operations. Finally, an adult member of the military who fails to report timely to duty as required by law demonstrates a greater likelihood of recurring criminal conduct than does a truant juvenile. For these reasons, we conclude that Sanchez's military conviction for being AWOL is not similar to the offense of truancy.[4]

### III.

On the record, it is apparent that Sanchez's AWOL offense does not fall within the exceptions listed in § 4A1.2(c). The sentence imposed by the district court is AFFIRMED.

---

[4] The Eleventh and Ninth Circuits have also held that a military conviction for being AWOL is properly included in calculating a defendant's criminal history score. United States v. Wilson, 927 F.2d 1188, 1189-90 (11th Cir. 1991); United States v. Locke, 918 F.2d 841, 842 (9th Cir. 1990). While we reach the same result as these cases, we do not adopt the Wilson court's reasoning that the military offense of being AWOL is similar to the listed offenses of "[c]ontempt of court" and "[h]indering or failure to obey a police officer." Wilson, 927 F.2d at 1189-90.