**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2011

No. 10-10913

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROLANDO ALEXANDER HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:

The Federal Sentencing Guidelines instruct a sentencing court to consider all of a defendant's prior convictions, including misdemeanors and petty offenses, subject to two exceptions designed "to screen out past conduct which is of such minor significance that it is not relevant to the goals of sentencing."[1]  Under the first exception, U.S.S.G. § 4A1.2(c)(1), convictions for certain minor offenses are counted only if they are similar to the instant offense or if the sentence includes

---

[1] *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991).

No. 10-10913

a term of imprisonment of at least 30 days or a term of probation of more than one year.[2]  Under the second exception, U.S.S.G. § 4A1.2(c)(2), convictions for certain other minor offenses—including loitering—are "never counted."[3]  Each provision applies to a list of enumerated offenses and to any "offenses similar to them, by whatever name they are known."  We hold today that the Texas state offense of "obstructing a highway or other passageway"[4] is not similar to the listed offense of loitering.

I

Defendant-Appellant Rolando Alexander Hernandez, a citizen of El Salvador, was arrested in November 2009 in Tarrant County, Texas.  Records reflect that Hernandez was previously deported in May 2002 and illegally reentered the country without permission of the Attorney General.  Hernandez subsequently pleaded guilty to one count of illegal reentry.[5]

Hernandez has a lengthy criminal history in this country, including past convictions for burglary, assault, driving while intoxicated, and evading arrest.

---

[2] Offenses listed in Section 4A1.2(c)(1) include careless or reckless driving, contempt of court, disorderly conduct, driving without a license, false information to a police officer, gambling, hindering or failing to obey a police officer, insufficient funds check, leaving the scene of an accident, non-support, prostitution, resisting arrest, and trespassing.

[3] Offenses listed in Section 4A1.2(c)(2) include fish and game violations, hitchhiking, juvenile offenses and truancy, local ordinance violations, loitering, minor traffic infractions such as speeding, public intoxication, and vagrancy.

[4] TEX. PENAL CODE § 42.03.  This statute provides in relevant part that "[a] person commits an offense if, without legal privilege or authority, he intentionally, knowingly, or recklessly . . . obstructs a highway, street, sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to which the public or a substantial group of the public has access, or any other place used for the passage of persons, vehicles, or conveyances[.]"  Id. § 42.03(a)(1).  The statute further instructs that "[f]or purposes of this section, 'obstruct' means to render impassable or to render passage unreasonably inconvenient or hazardous."  Id. § 42.03(b).

[5] See 8 U.S.C. § 1326(a)–(b).

No. 10-10913

Also included in his criminal history is a 2007 conviction in Denton County Criminal Court for the Texas state offense of obstructing a highway or other passageway, a Class B misdemeanor punishable by up to 180 days in jail.[6] Hernandez was initially sentenced to 15 months' probation for that offense, but later violated the terms of his probation and received a 150-day jail sentence.[7]

Considering all of Hernandez's prior convictions, including the obstruction offense, the district court calculated a criminal history category of IV and an offense level of six, resulting in a Guidelines range of 6 to 12 months. Hernandez timely objected, arguing that the offense of obstructing a passageway is "similar to" the offense of loitering and therefore must be excluded from the sentencing calculation under Section 4A1.2(c)(2). The district court overruled the objection and imposed a sentence of 12 months. Hernandez appeals his sentence.

II

To determine whether a defendant's prior crime is "similar to" one of the offenses listed in Section 4A1.2(c)(1) or (c)(2), the Sentencing Guidelines adopt

---

[6] TEX. PENAL CODE § 42.03.

[7] On appeal, the government moved to supplement the record with documents purporting to show that Hernandez was originally arrested for driving while intoxicated (DWI), but managed to negotiate the charge down to obstructing a passageway as part of a plea agreement. The government therefore invites us to treat the 2007 offense as a DWI rather than mere obstruction of a passageway. We decline to do so, because we have long held that "[a]rrests, standing alone, do not constitute reliable information under either the Guidelines or our precedent pre-dating the Guidelines." *See United States v. Jones*, 444 F.3d 430, 434 (5th Cir. 2006); *see also United States v. Labarbera*, 581 F.2d 107, 109 (5th Cir. 1978) (observing that "an arrest, without more, is quite consistent with innocence"); *cf.* U.S.S.G. § 4A1.3(a)(3) (instructing that an upward departure due to the criminal history category being underrepresentative may not be based on a prior arrest record). *See generally United States v. Watts*, 519 U.S. 148, 156 (1997) (per curiam) (holding that due process requires sentencing facts to be proven by a preponderance of the evidence); *United States v. Fulbright*, 804 F.2d 847, 853 (5th Cir. 1986) ("As a matter of due process, factual matters may be considered as a basis for sentence only if they have some minimal indicium of reliability.").

No. 10-10913

the "common sense approach" first articulated by this court in *United States v. Hardeman*.[8]  The common-sense approach considers several factors, including

(i)     a comparison of punishments imposed for the listed and unlisted offenses;

(ii)    the perceived seriousness of the offense as indicated by the level of punishment;

(iii)   the elements of the offense;

(iv)    the level of culpability involved; and

(v)     the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.[9]

We look to these factors to determine whether the past conduct is "relevant to the goals of sentencing"—that is, whether the offense was sufficiently serious or indicative of future criminality that the defendant should be subject to heightened punishment.[10]  In listing such factors as the level of punishment actually imposed, the Guidelines direct us to consider the actual conduct underlying the conviction, not just the general nature of the crime.[11]  Because the Guidelines' default rule for past offenses is one of inclusion, any doubts should be resolved in favor of counting the offense.

---

[8] U.S.S.G. § 4A1.2 cmt. n.12(A) (2010); *id.* amend. 709 (App. C & Supp. 2010) (citing *Hardeman*, 933 F.2d at 281).

[9] *Id.*

[10] *Hardeman*, 933 F.2d at 281.

[11] *Cf. United States v. Reyes-Maya*, 305 F.3d 362, 367 (5th Cir. 2002) (considering "the entire episode which led to the prior conviction"); *United States v. Gadison*, 8 F.3d 186, 194 (5th Cir. 1993) (looking to "the facts underlying Gadison's state offense").  This is a departure from the "categorical approach" that applies to certain other Guidelines provisions.  *Cf. Shepard v. United States*, 544 U.S. 13, 16 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990).

No. 10-10913

## III

We begin with a fundamental difference in the elements of the two offenses. As defined under Texas law, obstructing a passageway requires proof that the defendant acted "intentionally, knowingly, or recklessly."[12] Loitering, by contrast, does not traditionally require a guilty state of mind.[13] The mens rea requirement cannot be cast aside as a mere collateral matter, for a defendant's mental state often goes to the very heart of a criminal offense.

A more culpable mental state frequently presents a more serious crime. If a defendant causes a car crash that kills another driver, his mental state may spell the difference between murder, manslaughter, negligent homicide, or innocence. The Sentencing Guidelines reflect this distinction. Like loitering, "[m]inor traffic infractions (*e.g.*, speeding)" fall within Section 4A1.1(c)(2) of the Guidelines and are "never counted." By contrast, "[c]areless or reckless driving" is listed among the offenses in Section 4A1.2(c)(1), which are counted if they resulted in a sentence of more than a year of probation, as Hernandez's prior offense did.

Our cases also recognize that an offense bears greater culpability when it presents an increased risk of harm to others. In *United States v. Lamm*, we held that shoplifting is not similar to passing a bad check because shoplifting carries a greater risk of physical confrontation that may result in harm to others.[14] In *United States v. Sanchez-Cortez*, we held that the military offense of being away

---

[12] TEX. PENAL CODE § 42.03(a).

[13] *See* BLACK'S LAW DICTIONARY 1027 (9th ed. 2009) (defining "loitering" as "[t]he criminal offense of remaining in a certain place (such as a public street) for no apparent reason"); *see also City of Chicago v. Morales*, 527 U.S. 41 (1999) (addressing a Chicago loitering statute that prohibited suspected gang members from "remain[ing] in any one place with no apparent purpose").

[14] 392 F.3d 130, 134 (5th Cir. 2004) (adopting the analysis of *United States v. Spaulding*, 339 F.3d 20, 20 (1st Cir. 2003)).

without leave is more culpable than the offense of truancy because the harm of truancy is largely personal to the student, whereas an AWOL offense may hinder orderly military operations.[15] With regard to obstructing a passageway, we think the focus on pathways used by people or vehicles and on actions that "render passage unreasonably inconvenient or hazardous" limits the statute's reach to conduct that poses a substantially greater risk of harm to others than does ordinary loitering.

These differences in culpability are reflected in the different punishments Texas ascribes to the two offenses.[16] Obstructing a passageway is a Class B state misdemeanor in Texas, punishable by up to 180 days' imprisonment and a fine of up to $2,000.[17] By comparison, offenses such as "loitering for prostitution" and "loitering for drugs" are treated as local ordinance violations and are usually limited to a fine not exceeding $500.[18] Hernandez objects to this comparison because state offenses almost uniformly carry greater punishments than do municipal offenses, even when both prohibit the same conduct, but this argument misses the mark. The fact Texas views obstructing a passageway as sufficiently serious to warrant a provision in the state penal code, while loitering does not, is itself strong evidence that these are two distinct offenses and focus on different harms.

---

[15] 530 F.3d 357, 360 (5th Cir. 2008).

[16] We have looked to Texas's offense classification scheme as persuasive evidence in several prior cases. *See Sanchez-Cortez*, 530 F.3d at 360; *Reyes-Maya*, 305 F.3d at 366–67; *Gadison*, 8 F.3d at 194; *Hardeman*, 933 F.2d at 282.

[17] TEX. PENAL CODE §§ 12.22, 42.03(c).

[18] *E.g.*, AUSTIN MUN. CODE § 9-5-62; BEAUMONT MUN. CODE §§ 18-20 to -21; CORPUS CHRISTI MUN. CODE § 33-12; EL PASO MUN. CODE § 10.12.030; FORT WORTH MUN. CODE § 23-11; LONGVIEW MUN. CODE § 58-88; WICHITA FALLS MUN. CODE § 78-87. *See also* TEX. LOC. GOV'T CODE § 54.001 ("A fine or penalty for the violation of a rule, ordinance, or police regulation may not exceed $500.").

No. 10-10913

Finally, the substantial punishment Hernandez received for the obstruction offense demonstrates that his conduct was viewed at the time as a very serious crime—not the sort of petty or trivial offense that the Guidelines seek to screen out.[19] Hernandez was sentenced to 150 days in jail, which is near the upper end of the sentencing range and is far greater than would ordinarily be available for a crime like loitering.[20] Even without knowing the precise circumstances of the past crime, it is clear from this limited record that it was a serious offense.

We are satisfied that Hernandez's prior conviction was not similar to loitering and was not of such minor significance that it is irrelevant to the goals of sentencing. Accordingly, the sentence is AFFIRMED.

---

[19] We have suggested on occasion that the actual punishment imposed is even "more important" than the statutory range of punishment for each crime. *Reyes-Maya*, 305 F.3d at 367.

[20] Hernandez argues that we should consider only his original sentence of probation, not the jail sentence imposed when his probation was revoked, because the revocation was prompted by a subsequent offense and sheds little light on the culpability of his original violation. This argument is foreclosed by the Sentencing Guidelines, which specifically instruct us to consider both the original sentence of probation and any additional term of imprisonment imposed when probation was revoked. *See* U.S.S.G. § 4A1.2(k). In any event, Hernandez's original sentence of 15 months' probation is itself a substantial punishment.