[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-16410
Non-Argument Calendar

————————————————

D.C. Docket No. 1:16-cr-20177-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FULVIO MONETTI,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(August 23, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Fulvio Monetti appeals the 144-month sentence he received after pleading

guilty to one count of knowing receipt of child pornography, 18 U.S.C.

§ 2252(a)(2), (b)(1).  After careful review, we affirm.

I.

Monetti pled guilty to knowingly receiving child pornography.  As part of his plea, Monetti admitted that: Law enforcement identified four IP addresses sharing child pornography, all of which were assigned to Monetti's home.  They accessed the pornography through the Ares Peer-to-Peer file-sharing network.  A search of Monetti's laptop showed the Ares software had been downloaded on it, and his laptop contained photographs and videos of child pornography.

The presentence investigation report ("PSR") said that Monetti's laptop contained 4,518 images of child pornography.  It also said Monetti left the Ares program running on his computer, which allowed other users to download the files in his shared folder.  Through that process, he shared 176 files of child pornography with others.

The PSR calculated Monetti's total offense level to be 34.  This calculation included a two-level increase for distribution of child pornography under United States Sentencing Guidelines ("USSG") § 2G2.2(b)(3)(F).  The PSR also set out that Monetti had a criminal history category of I.  It thus set Monetti's guideline imprisonment range at 151 to 188 months.

Monetti objected to the two-level increase for distribution of child pornography under USSG § 2G2.2(b)(3)(F).  He pointed to a then-upcoming amendment to this section of the guidelines that narrowed the two-level

2

enhancement for application only where the defendant <u>knowingly</u> distributed the child pornography.[1]  Monetti said he should not qualify for the enhancement because he had no desire to share with other users and took steps to prevent it. Monetti further argued that instead of increasing his offense level under § 2G2.2(b)(3)(F), the PSR should have decreased his offense level by two levels under § 2.G2.2(b)(1) because his conduct was limited to receiving the pornography.

At sentencing, the parties presented testimony regarding Monetti's objection to the distribution enhancement.  First, the government called Special Agent Tim Devine.  Agent Devine testified that he downloaded suspected child pornography files from Monetti's computer on four or five different occasions.  He also said that while the Ares program is running, users cannot turn off the sharing function.  In addition, the government placed in evidence a report listing 239 files of child pornography that were shared from Monetti's computer.

The defense then called Richard Connor, who testified as an expert in computer forensics.  Connor said he reviewed Monetti's computer and did not find any chats with other users about sharing child pornography.  Neither did he find evidence that any other civilian had downloaded files from Monetti's shared

---

[1] This amendment went into effect in the 2016 Sentencing Guidelines.  <u>See</u> USSG Suppl. to App. C, Amend. 801 (2016).  Before § 2G2.2(b)(3)(F) was amended, this Court held that it did not have a knowledge requirement.  <u>United States v. Creel</u>, 783 F.3d 1357, 1360 (11th Cir. 2015).

3

folder.  He also said the default setting in Ares sends downloaded files into the shared folder, which means those files are automatically shared with other Ares users. On cross-examination, Connor conceded that Monetti changed the default sharing settings on Ares so that only one user at a time could download one file at a time from his shared folder.

The district court overruled Monetti's objection to the distribution enhancement.[2]  The court found that the evidence showed Monetti distributed child pornography under the then-current version of the guidelines.  The court also found Monetti knew files in his shared folder would be shared with others based on two facts: (1) Monetti changed the default sharing settings in the Ares program, which showed he understood that files in the shared folder could be downloaded by other users; and (2) Monetti kept the program running on his computer, which allowed other users to download content from his shared folder.  The court thus found that even under the amended guidelines that would go into effect two months later, the evidence supported the two-level distribution enhancement.

Monetti also requested a variance from the guidelines imprisonment range down to 60-months imprisonment.  He presented evidence in support of his request, including testimony from a psychologist that Monetti had a low risk of committing future sex offenses or downloading child pornography again.  Monetti

---

[2] This ruling mooted Monetti's objection that he should receive a two-level decrease under § 2.G2.2(b)(1).

also submitted an evaluation by a social worker, who concluded that Monetti had a low risk of recidivism.

When sentencing Monetti, the district court considered the sentencing factors set out in 18 U.S.C. § 3553(a). The court specifically noted that Monetti committed "a very, very serious offense," but also that he had no criminal history and the evidence in the record "indicate[d] he has a low risk of recidivism." After weighing the factors and the evidence, the district court rejected Monetti's request for a 60-month sentence, but sentenced him below his guideline range to 144-months imprisonment.

## II.

On appeal, Monetti argues (1) the district court erred in applying the distribution enhancement under § 2G2.2(b)(3)(F) and (2) his 144-month prison sentence was substantively unreasonable. We address each argument in turn.

## A.

Monetti first argues the district court erred in applying the two-level enhancement under § 2G2.2(b)(3)(F) for distribution of child pornography. We review for clear error the district court's findings of fact and de novo "its application of those facts to justify a sentencing enhancement." Creel, 783 F.3d at 1359 (quotation omitted).

As a preliminary matter, the parties dispute whether to apply the amended language of § 2G2.2(b)(3)(F) that went into effect two months after Monetti was sentenced. While this Court normally applies the version of the guidelines in effect on the date of the sentencing hearing, we will also invoke future amendments meant to clarify the guidelines. United States v. Jerchower, 631 F.3d 1181, 1184 (11th Cir. 2011). Here, we need not decide whether the amendment to § 2G2.2(b)(3)(F) was a mere clarification or a more substantive change. Either way, the district court did not err in finding Monetti knowingly distributed child pornography. That means the court also did not err in finding Monetti qualified for the enhancement under either the narrower amended version of the guidelines or the version in effect at sentencing.

The 2016 version of USSG § 2G2.2(b)(3)(F) imposes a two-level enhancement "[i]f the defendant knowingly engaged in distribution." [3] In turn, "the defendant 'knowingly engage[s] in distribution' if the defendant (A) knowingly committed the distribution, (B) aided, abetted, counseled, commanded, induced, procured, or willfully caused the distribution, or (C) conspired to distribute." USSG § 2G2.2 cmt. n.2 (2016).

---

[3] Under the 2015 version of the guidelines in effect at Monetti's sentencing, § 2G2.2(b)(3)(F) provided for a two-level increase for simple "distribution." USSG § 2G2.2(b)(3)(F) (2015). The 2016 amendment to § 2G2.2(b)(3)(F) added a requirement that the defendant know about the distribution. See USSG Suppl. to App. C, Amend. 801 (2016). Thus, if the 2016 version of the enhancement applies to a defendant, the 2015 version should apply as well.

The district court made two findings to support its determination that Monetti "knowingly engaged in distribution": (1) Monetti changed the default sharing settings in the Ares program, which showed he understood that files in the shared folder could be downloaded by other users; and (2) Monetti kept the Ares program running on his computer, which allowed other users to download child pornography from his shared folder. Monetti also does not dispute that he had child pornography in his shared folder. For example, it is not disputed that Agent Devine downloaded child pornography on four or five occasions from the folder. This evidence shows Monetti used Ares even though he knew the child pornography in his shared folder could be distributed through the program. The district court therefore did not err in finding Monetti knowingly distributed child pornography.[4] Cf. United States v. Honeycutt, 8 F.3d 785, 787 (11th Cir. 1993) (defining knowingly in another section of the guidelines as when "a person is aware of a high probability [of a fact's] existence, unless he actually believes that it does not exist").

## B.

Monetti next argues his 144-month prison sentence was substantively unreasonable. We review whether the district court's sentence was substantively

---

[4] This holding necessarily moots Monetti's argument that he should receive a two-level decrease under § 2.G2.2(b)(1). This decrease is reserved for defendants whose crimes are limited to receipt or solicitation of child pornography. USSG § 2.G2.2(b)(1).

reasonable for an abuse of discretion.  United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).  A district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Rosales-Bruno, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation omitted).  18 U.S.C. § 3553(a) sets out the factors that a district court must consider at sentencing.  Irey, 612 F.3d at 1189.

Monetti argues the district court failed to properly weigh his personal history and characteristics.  See 18 U.S.C. § 3553(a)(1).  He says the court should have given more weight to the evidence he presented of his low risk of recidivism. Monetti argues that instead, "the district court placed exclusive and unreasonable weight on a single factor—the 'egregious' nature of certain images downloaded."

Contrary to Monetti's argument, the record shows the district court considered all the § 3553(a) factors.  As for his personal history and characteristics, the court mentioned Monetti's lack of criminal history, and explicitly granted him a downward variance from his guideline range based in part on the evidence that he had a low risk of recidivism.  On this record, we cannot say the district court abused its discretion in sentencing Monetti.  See Rosales-Bruno, 789 F.3d at 1254–55.  Monetti's sentence is affirmed.

**AFFIRMED.**