**REVISED October 22, 2018**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30937
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CORDELL JOHNSON, also known as Cut,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:

Cordell Johnson pleaded guilty of conspiracy to distribute and possess with intent to distribute cocaine, and he was sentenced within the guidelines range to a statutory-minimum 120-month term of imprisonment and to a five-year period of supervised release. Johnson contends that the district court erred in assigning a single criminal history point under U.S.S.G. § 4A1.1(c) to each of two prior criminal matters: (1) a 2000 conviction of carrying a concealed weapon; and (2) a 1999 simple battery with no medical treatment.

No. 17-30937

As Johnson concedes, our review is for plain error. Johnson must establish a plain and obvious error that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Sentencing errors affect substantial rights if there is "a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

Although he was sentenced to the statutory minimum sentence, Johnson asserts that the errors affected his substantial rights because the additional criminal history points disqualified him from eligibility for a safety valve adjustment. Johnson was assessed a single criminal history point for another prior sentence, which he has not challenged; thus, a failure to persuade this court that the district court plainly erred in assigning a criminal history point to either prior offense at issue herein would leave Johnson with two criminal history points and, therefore, ineligible for the safety valve adjustment. *See* 18 U.S.C. § 3553(f).

Johnson contends that the carrying a concealed weapon offense should not have been counted because it was similar to the listed offense of driving without a license. *See* U.S.S.G. § 4A1.2(c)(1). His argument is that the offenses are similar in that he was punished for carrying a concealed weapon because he did not have a concealed carry permit. Johnson asserts that, for the same reason, the offense should not have been counted because it was similar to a fish and game violation, which is among the listed offenses that are never counted. *See* § 4A1.2(c)(2).

We apply a common-sense approach in determining whether a sentence is for an offense that is similar to an offense listed in § 4A1.2(c). *See* § 4A1.2,

No. 17-30937

comment. (n.12(A)); *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991); *see also United States v. Hernandez*, 634 F.3d 317, 319 (5th Cir. 2011). Under the common-sense approach, this court "determine[s] whether the past conduct is 'relevant to the goals of sentencing'—that is, whether the offense was sufficiently serious or indicative of future criminality that the defendant should be subject to heightened punishment." *Hernandez*, 634 F.3d at 319 (quoting *Hardeman*, 933 F.2d at 281). Because the default rule is one of inclusion, doubts are resolved in favor of counting the offense. *Hernandez*, 634 F.3d at 319. Offenses are regarded as dissimilar if they involve a more culpable state of mind or an increased risk of harm to others. *Id.* at 320.

A person commits an offense of illegal carrying a weapon by intentionally concealing a firearm on his person, not by failing to have a concealed carry permit. LA. REV. STAT. ANN. § 14:95(A)(1); *State v. Dyer*, 388 So. 2d 374, 376 (La. 1980). The offense of driving without a license does not require a showing of specific intent. *See* LA. REV. STAT. ANN. § 32:52; *State v. Sherman*, 931 So. 2d 286, 291 (La. 2006); *State v. Pickering*, 432 So. 2d 1067, 1071 (La Ct. App. 1983). The elements of the two offenses are not similar. Although Johnson contends that he was improperly convicted of the carrying a concealed weapon offense because the weapon was found in his vehicle and not on his person and that the conviction was uncounseled, we will not consider issues raised for the first time in a reply brief. *See United States v. Green*, 46 F.3d 461, 465 n.3 (5th Cir. 1995); *see also United States v. Longstreet*, 603 F.3d 273, 276-77 (5th Cir. 2010).

The two offenses are also dissimilar because the carrying a concealed weapons offense involves a more culpable state of mind and an increased risk of harm to others. *See Hernandez*, 634 F.3d at 320; *see also State in Interest of J.M.*, 144 So. 3d 853, 856, 864-65 (La. 2014); *United States v. Williams*, 588 F.

App'x 348, 349 (5th Cir. 2014).  Johnson's contention that the offense is similar to a fish and game violation suffers from the same infirmities.  The district court did not commit a plain or obvious error in assigning a criminal history point to the prior sentence for carrying a concealed weapon.  *See Puckett*, 556 U.S. at 135; *see also Hernandez*, 634 F.3d at 319-20.

Because Johnson has not shown that his substantial rights were affected, we have not considered whether the district court plainly erred in assigning a criminal history point to the 1999 simple battery offense.  *See Puckett*, 556 U.S. at 135; *see also Davis*, 602 F.3d at 647.  The judgment is AFFIRMED.