# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-50551
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Diana Suarez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-1148-1

———————————————————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Diana Suarez challenges the 24-month, within-guidelines sentence she received upon her guilty plea to theft concerning programs receiving federal funds. Suarez contends, first, that the district court clearly erred by applying a two-level increase under U.S.S.G. § 3B1.3 based on her abuse of a position of public or private trust and, second, that the district court plainly

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

erred by failing to consider and apply a two-level reduction under U.S.S.G. § 4C1.1(a) because she has zero criminal history points.

The Guidelines permit a two-level increase "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. We need not decide whether Suarez's position as city secretary of Dell City, Texas, entailed sufficient managerial discretion to be deemed a "position of trust" under U.S.S.G. § 3B1.3 or significantly contributed to her facilitation or concealment of the offense because the Government has met its burden to show that any error was harmless. *See United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016) (per curiam). The district court considered the alternative guidelines calculations, cited relevant 18 U.S.C. § 3553(a) factors, and made clear that even absent the U.S.S.G. § 3B1.3 adjustment, in no circumstance would it have sentenced Suarez to less than 24 months given the nature of her criminal conduct and its effects on the municipality. *See United States v. Leontaritis*, 977 F.3d 447, 452 (5th Cir. 2020).

As for a reduction under U.S.S.G. § 4C1.1(a), Suarez fails to show that the district court committed reversible plain error by not considering and applying the reduction. *See Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016); *Puckett v. United States*, 556 U.S. 129, 135 (2009). Suarez fails to show a reasonable probability that but for any error in failing to consider a U.S.S.G. § 4C1.1(a) reduction, she would have received a lesser sentence. *See United States v. Johnson*, 907 F.3d 304, 305 (5th Cir. 2018) (per curiam); U.S.S.G. § 4C1.1(a)(6).

AFFIRMED.